UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

RICHARD JAMES SLATER, III,  )
                            )
            Plaintiff,      )       Case No. 1:11-cv-1214
                            )
v.                          )       Honorable Janet T. Neff
                            )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )       **REPORT AND RECOMMENDATION**
            Defendant.      )
_____)

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On January 9, 2009, plaintiff filed his applications for benefits alleging an August 20, 2008 onset of disability.[1] (A.R. 184-96). Plaintiff's claims were denied on initial review. (A.R. 136-43). On December 6, 2010, he received a hearing before an administrative law judge (ALJ), at which he was represented by counsel. (A.R. 35-62). On December 30, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 18-26). On October 7, 2011, the Appeals Council denied review (A.R. 1-3), and the ALJ's decision became the Commissioner's final decision.

---

[1] Administrative *res judicata* arising from a decision dated August 19, 2008, barred any onset of disability date before August 20, 2008. *See Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1232 (6th Cir. 1993). Further, SSI benefits are not awarded retroactively for months prior to the application for benefits. 20 C.F.R. § 416.335; *see Kelley v. Commissioner*, 566 F.3d 347, 349 n.5 (3d Cir. 2009); *see also Newsom v. Social Security Admin.*, 100 F. App'x 502, 504 (6th Cir. 2004). The earliest month in which SSI benefits are payable is the month after the application for SSI benefits is filed. Thus, February 2009 is plaintiff's earliest possible entitlement to SSI benefits.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying his claims for DIB and SSI benefits. He asks the court to overturn the Commissioner's decision on the following grounds:

1. The ALJ committed reversible error by not properly considering the opinion of plaintiff's treating physician and used improper so-called boilerplate language to do so; and

2. The ALJ did not have substantial evidence to support her finding that plaintiff could perform a sufficient number of other jobs in the regional economy.

(Statement of Errors, Plf. Brief at 9, docket # 16). I recommend that the Commissioner's decision be affirmed.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833

(6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013)("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

**Discussion**

The ALJ found that plaintiff met the disability insured status requirements of the Social Security Act on August 20, 2008, and continued to meet them through the date of the ALJ's decision. (A.R. 20). Plaintiff had not engaged in substantial gainful activity on or after August 20, 2008. (A.R. 20). Plaintiff had the following severe impairments: "degenerative disc disease (cervical and lumbar) and depression." (A.R. 20). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 21). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited

range of sedentary work. (A.R. 22). The ALJ found that plaintiff's testimony regarding his subjective functional limitations was not fully credible. (A.R. 22-23). Plaintiff was unable to perform any past relevant work. (A.R. 25). Plaintiff was 45-years-old as of his alleged onset of disability and 47-years-old as of the date of the ALJ's decision. Thus, at all times relevant to his claims for DIB and SSI benefits, plaintiff was classified as a younger individual. (A.R. 25). Plaintiff has at least a high school education and is able to communicate in English. (A.R. 25). The transferability of job skills was not material to a disability determination. (A.R. 25). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age, and with his RFC, education, and work experience, the VE testified that there were approximately 4,000 jobs in Michigan that the hypothetical person would be capable of performing. (A.R. 59). The ALJ found that this constituted a significant number of jobs and held that plaintiff was not disabled. (A.R. 25-26).

**1.**

Plaintiff argues that the ALJ "committed reversible error by not properly considering" the opinion of treating physician Thomas Quarnstrom, M.D., and used "improper so-called boilerplate language to do so." (Plf. Brief at 9). The issue of whether the claimant is disabled within the meaning of the Social Security Act is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1); *see Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). A treating physician's opinion that a patient is disabled is not entitled to any special significance. *See* 20 C.F.R. §§ 404.1527(d)(1), (3), 416.927(d)(1), (3); *Bass v. McMahon*, 499 F.3d 506, 511 (6th Cir. 2007); *Sims v. Commissioner*, 406 F. App'x 977, 980 n.1 (6th Cir. 2011) ("[T]he determination of

disability [is] the prerogative of the Commissioner, not the treating physician."). Likewise, "no special significance" is attached to treating physician opinions regarding the credibility of the plaintiff's subjective complaints, RFC, or whether the plaintiff's impairments meet or equal the requirements of a listed impairment because they are administrative issues reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d)(2), (3), 416.927(d)(2), (3); *see Allen v. Commissioner*, 561 F.3d 646, 652 (6th Cir. 2009).

Generally, the medical opinions of treating physicians are given substantial, if not controlling deference. *See Johnson v. Commissioner*, 652 F.3d 646, 651 (6th Cir. 2011). "[T]he opinion of a treating physician does not receive controlling weight merely by virtue of the fact that it is from a treating physician. Rather, it is accorded controlling weight where it is 'well supported by medically acceptable clinical and laboratory diagnostic techniques' and is not 'inconsistent . . . with the other substantial evidence in the case record.'" *Massey v. Commissioner*, 409 F. App'x 917, 921 (6th Cir. 2011) (quoting *Blakley v. Commissioner*, 581 F.3d 399, 406 (6th Cir. 2009)). A treating physician's opinion is not entitled to controlling weight where it is not "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ "is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001). An opinion that is based on the claimant's reporting of his symptoms is not entitled to controlling weight. *See Young v. Secretary of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990); *see also Francis v. Commissioner*, 414 F. App'x 802, 804 (6th Cir. 2011) (A physician's statement that merely regurgitates a claimant's self-described symptoms "is not a medical opinion at all.").

Even when a treating source's medical opinion is not given controlling weight because it is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with other substantial evidence in the record, the opinion should not necessarily be completely rejected; the weight to be given to the opinion is determined by a set of factors, including treatment relationship, supportability, consistency, specialization, and other factors. *See Titles II and XVI: Giving Controlling Weight to Treating Source Medical Opinions*, SSR 96-2p (reprinted at 1996 WL 374188 (SSA July 2, 1996)); 20 C.F.R. §§ 404.1527(c), 416.927(c); *Martin v. Commissioner*, 170 F. App'x 369, 372 (6th Cir. 2006).

The Sixth Circuit has held that claimants are "entitled to receive good reasons for the weight accorded their treating sources independent of their substantive right to receive disability benefits." *Smith v. Commissioner*, 482 F.3d 873, 875-76 (6th Cir. 2007); *see Cole v. Astrue*, 652 F.3d 653, 659-61 (6th Cir. 2011); *Wilson v. Commissioner*, 378 F.3d 541, 544 (6th Cir. 2004). "[T]he procedural requirement exists, in part, for claimants to understand why the administrative bureaucracy deems them not disabled when physicians are telling them that they are." *Smith*, 482 F.3d at 876; *see Gayheart v. Commissioner*, 710 F.3d at 376.

In the decision denying plaintiff's earlier application for benefits, an ALJ found that plaintiff retained the RFC to perform a limited range of sedentary work: "He is able to lift and carry ten pounds occasionally. He is able to stand and walk for two hours during an eight hour workday and to sit for six out of eight hours. He requires a sit/stand option that will allow him to be off task no more than ten percent of the work period." (A.R. 125). Under the rule of *Drummond v. Commissioner*, 126 F.3d 837 (6th Cir. 1997), and its progeny, the ALJ was required to "adopt and be bound by the finding of the claimant's residual functional capacity or other findings required at

a step of the sequential evaluation process." *Caudill v. Commissioner*, 424 F. App'x 510, 514 (6th Cir. 2011); *see Haun v. Commissioner*, 107 F. App'x 462, 464 (6th Cir. 2004). The ALJ could not "redetermine the findings of a claimant's residual functional capacity or other issues previously determined in the absence of new and additional material evidence or changed circumstances." *Caudill*, 424 F. App'x at 514. The ALJ considered all the evidence regarding medical care that plaintiff had received after the administrative decision on August 19, 2008, finding that he was not disabled:

> As noted earlier, there is a prior decision regarding this claimant that has not been overturned by any higher authority. That decision included a residual functional capacity that is binding upon me, absent any evidence of a change in the claimant's condition since then. *Drummond v. Commissioner of Social Security*, 126 Fed 3rd 837 (6th Circuit, 1997). Therefore, it serves as the starting point for the present residual functional capacity, with modifications in light of subsequent evidence.
>
> * * *
>
> At a 2008 follow-up evaluation by the orthopedic surgeon, Kenneth Easton, M.D., the doctor noted no diminution in upper or lower extremity strength. Some pain and numbness into the left arm was reported, but the doctor did not associate that with any particular dermatomal pattern (Exhibit B1F). A January 2009 low back x-ray (Exhibit B5F/12) and an August 2009 neck x-ray (Exhibit B6F/30) revealed post-operative changes in the low back and mild-to-moderate degenerative changes in the neck, but nothing that required surgery or more extensive treatment beyond symptomatic management of the claimant's complaints.
>
> The claimant also offered treatment records from his doctor at the Veterans Administration. A negative neurological examination was noted in the lower extremities in January 2009 (Exhibit B5F/4). Interestingly, the claimant reported he was attempting to perform regular aerobic exercise (ibid at 3). Nothing was even mentioned about the neck or depression. In fact, the claimant has never received counseling for depression, but only medication.
>
> The claimant was put on medication for depression by at least May 2009, with a good response (Exhibit B6F/26). The neck pain was addressed by August 2009, but the only treatment was to increase the pain medication the claimant was already taking (ibid, at 20). This was the pattern of treatment through August 2010 (Exhibit B7F), with references to minor medical matters occasionally included.

(A.R. 23).

The ALJ carefully considered Dr. Quarnstrom's RFC questionnaire responses, including his statement that plaintiff was unable to work:

> The VA doctor completed a statement regarding the claimant's functional abilities in December 2010, which was submitted after the hearing along with an expanded or complete copy. The doctor provided limits which would not allow the claimant to sit, stand or walk, even in combination, for a full 8-hour workday. In addition, he felt that lifting should be limited to 25 pounds occasionally and 5 pounds frequently. Workplace hazards should be avoided, as well as temperature extremes, vibration, and humidity. The claimant should also make efforts to avoid driving. He is further limited in his bending, twisting, kneeling, crouching, crawling and stooping. He also cannot operate foot controls or climb ladders, ropes or scaffolds. The doctor concluded that the claimant is – and was since 2005 – "unable to work."
>
> I would note that while the opinions of treating physicians are to be carefully considered and may be entitled to controlling weight on issues concerning the nature and severity of an individual's impairments, a conclusion regarding the issue of disability is reserved to the Commissioner (Social Security Ruling 96-5p). In this case, I give only partial weight to the treating doctor's opinion. It is not entirely consistent with his own records, which contain minimal references to any severe pain, any pathology that supports radicular pain, or even complaints of pain or numbness down the legs or arms in a dermatomal pattern. There is certainly no new evidence in these records or any other evidence to support the finding that the claimant's low back problem is any worse than at the time of the prior decision. The claimant's strength remains good, in both his arms and legs, which does not support any significant past limitation in use. The level of limitation contained in this opinion is essentially based on the claimant's complaints.
>
> Post-hearing the claimant submitted an addition[al] residual functional capacity evaluation from a treating physician, Dr. Quarnstrom, dated December 20, 2010. Once again, while opinions from treating physicians are carefully considered and may be entitled to controlling weight, issues of disability are reserved to the Commissioner. Dr. Quarnstrom notes that his patient, "should be considered unable to work," which is an issue reserved to the Commission[er]. In addition, his recommended limitations are not consistent with the other substantial medical evidence of record. While I give little weight to Dr. Quarnstrom's claim that the claimant is unable to work and assign little weight to his residual functional capacity, I do note that a number of his recommendations are already adequately addressed in the residual functional capacity adopted.
>
> I do note that Dr. Easton's evaluation found some positive findings on examination of the left shoulder, presumably due to the neck pathology, as no shoulder pathology was ever identified. Therefore, the prior residual functional capacity needed amendment regarding the use of the neck and left arm. In addition, the claimant is now on medication for depression

– with good result, according to his doctor's notes. Some recognition of this change in circumstances is also appropriate.

(A.R. 23-24).

Plaintiff's brief and reply brief do not identify any medical opinion expressed by Dr. Quarnstrom which failed to receive appropriate weight. The issues of disability and RFC are reserved to the Commissioner. 20 C.F.R. §§ 404.1527(d), 416.927(d); *see Allen v. Commissioner*, 561 F.3d at 652. I find no violation of the treating physician rule.

**2.**

Plaintiff argues that the ALJ failed to provide a sufficient explanation of her factual finding regarding plaintiff's credibility. (Plf. Brief at 11-12; Reply Brief at 2). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court cannot substitute its own credibility determination for the ALJ's. The court's "review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the

opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge [his] subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Meaningful appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. I find that the ALJ gave an adequate explanation and that her factual finding regarding plaintiff's credibility is supported by more than substantial evidence.

The starting point for the ALJ's factual finding regarding plaintiff's RFC in this case was the earlier administrative finding that he retained the RFC for a range of sedentary work. (A.R. 23). Next, the ALJ summarized plaintiff's testimony regarding his subjective functional limitations. (A.R. 23). The ALJ then considered plaintiff's testimony in light of all the medical evidence for the period at issue: April 20, 2008, through December 30, 2010. She found that the opinions of plaintiff's treating orthopedic surgeon, Dr. Easton, were particularly persuasive and well supported by objective evidence. (A.R. 23). She determined that Dr. Easton's opinions warranted the addition of RFC restrictions regarding plaintiff's use of his neck and left arm. (A.R. 24). The ALJ considered plaintiff's depression and noted that he had never received or required counseling. Plaintiff's medical records indicated a good response to medication. (A.R. 23-24). The ALJ gave

plaintiff the benefit of a doubt when she added the RFC restriction limiting plaintiff to work involving "simple, routine tasks." (A.R. 22).

The ALJ's credibility determination is supported by substantial evidence, and her findings are sufficient for appellate review.

**3.**

Plaintiff argues that the ALJ did not have substantial evidence to support her finding that plaintiff could perform a sufficient number of other jobs in the regional economy. (Plf. Brief at 9, 13; Reply Brief at 3). The VE identified 4,000 jobs in Michigan that a hypothetical person of plaintiff's age with his RFC, education, and work experience would be capable of performing. (A.R. 59). This constitutes a significant number of jobs. *See Lee v. Sullivan*, 988 F.2d 789, 794 (7th Cir. 1993) (1,400 is a significant number and collecting cases where as few as 174 positions were found to be a significant number); *Hall v. Bowen*, 837 F.2d 272, 275 (6th Cir. 1988) (1,350 is a significant number); *Martin v. Commissioner,* 170 F. App'x 369, 375 (6th Cir. 2006) (870 jobs is a significant number); *see also Nejat v. Commissioner*, 359 F. App'x 574, 579 (6th Cir. 2009) (collecting cases holding that as few as 500 jobs constituted a significant number). It is well settled that a VE's opinion, given in response to an accurate hypothetical, is sufficient to satisfy the substantial evidence test.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.


Dated:   August 5, 2013               /s/  Joseph G. Scoville
                                      United States Magistrate Judge


**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b).  Failure to file timely and specific objections may constitute a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  General objections do not suffice.  *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).