UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD JAMES SLATER, III,

    Plaintiff,        Case No: 1:11-cv-1214

v.              HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## OPINION AND ORDER

Plaintiff seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. 42 U.S.C. § 405(g). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) (Dkt 21), recommending that this Court affirm the Commissioner's decision. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation (Dkt 22). Defendant has filed a Response (Dkt 23). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

At the outset of his Objections, Plaintiff repeats his overall argument on appeal that the ALJ's decision that Plaintiff was able to perform substantial gainful employment after August 20, 2008, was not supported by substantial evidence. Plaintiff's objections essentially reiterate the same two errors raised in his appeal: (1) the ALJ did not properly consider the opinion of Plaintiff's

treating physician; and (2) the ALJ did not have substantial evidence to support her finding that Plaintiff could perform a sufficient number of other jobs in the regional economy.

## I.  Treating Physician Opinion

Plaintiff argues that the Magistrate Judge erred in determining that the Administrative Law Judge (ALJ) "appropriately weighed the medical treating sources" (Obj. at 1).  Plaintiff asserts that the Magistrate Judge merely quoted the ALJ's decision at length, and thus repeats the errors of the ALJ in failing to accord greater weight to the opinions of the treating physician, Dr. Quarnstrom, and failing to account for the fact that the non-examining physician did not review the later records of Dr. Quarnstrom.

Plaintiff's argument is without merit.  The Magistrate Judge reviewed the ALJ's decision in light of the applicable standards and authority, observing that "[g]enerally, the medical opinions of treating physicians are given substantial, if not controlling deference" (R & R at 5), and even when not given controlling weight, the opinion should not necessarily be completely rejected (*id.* at 6). The Magistrate Judge noted that this case was subject to a prior decision denying Plaintiff's application for disability benefits, and that "[t]he ALJ could not 'redetermine the findings of a claimant's residual functional capacity or other issues previously determined in the absence of new and additional material evidence or changed circumstances'" (*id.* at 7, citing *Caudill v. Comm'r*, 424 F. App'x 510, 514 (6th Cir. 2011)).  The Magistrate Judge quoted the ALJ's analysis addressing these circumstances and considering all the medical care Plaintiff received during the relevant time period (*id.* at 7), and quoted the ALJ's "careful consideration" of Dr. Quarnstrom's RFC questionnaire responses (*id.* at 8-9).  The Magistrate Judge noted that "Plaintiff's brief and reply brief do not identify any medical opinion expressed by Dr. Quarnstrom which failed to receive

2

appropriate weight" (*id.* at 9).  The Magistrate Judge stated that he found no violation of the treating physician rule (*id.*).

Plaintiff's various general objections before this Court again do not identify or discuss any particular medical opinion of Dr. Quarnstrom that failed to receive appropriate weight.[1]  As the Magistrate Judge observed (R & R at 9), and Plaintiff acknowledges (Obj. at 2), certain opinions of Dr. Quarnstrom were not entitled to consideration, e.g., opinions on the issues of disability and RFC.  Plaintiff has failed to show any basis for rejecting the Magistrate Judge's analysis and conclusion that the treating physician rule was properly applied.

Contrary to Plaintiff's implication, the recent decision in *Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013), does not warrant a different result.  Despite the fact that the *Gayheart* decision was issued while this case was pending (Obj. at 3), the Magistrate Judge cited *Gayheart* in the Report and Recommendation (R & R at 3, 6), and was clearly aware of that decision.  Plaintiff does not show that the Report and Recommendation is in any way contrary to the dictates of *Gayheart*.

## II.  Sufficient Jobs in the Economy

In a cursory argument, Plaintiff objects that the Magistrate Judge essentially endorsed the ALJ's decision concerning other issues "without truly discussing the arguments which Plaintiff's earlier Briefs raised regarding those points" (Obj. at 3).  Any overall objection in this regard is denied.  Plaintiff's mere generalized complaint points to no erroneous analysis or legal conclusion by the Magistrate Judge.

---

[1]To the contrary, Defendant's Response contains a detailed review of the ALJ's analysis and supporting evidence.

Plaintiff also complains that he cited previous cases from other judges in this district "regarding the appropriate number of jobs to be determined in a Social Security case," which the Magistrate Judge ignored (*id.*). Again, Plaintiff's complaint does not point to any error by the Magistrate Judge. The Magistrate Judge properly considered Plaintiff's argument concerning the sufficiency of the number of jobs in the regional economy, and cited a number of cases to support the conclusion that 4,000 constituted a significant number of jobs. Plaintiff acknowledged that the determination of a significant number of jobs must be made on a case-by-case basis. (Pl. Br., Dkt 16 at 15, citing *Hall v. Bowen,* 837 F.2d 272, 275 (6th Cir. 1988)). Any objection concerning the Magistrate Judge's failure to credit the specific cases cited by Plaintiff is denied.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkt 22) are DENIED, the Report and Recommendation of the Magistrate Judge (Dkt 21) is APPROVED and ADOPTED as the Opinion of the Court, and the decision of the Commissioner of Social Security is AFFIRMED.

A Judgment will be entered consistent with this Opinion and Order.


Dated: September 26, 2013      /s/ Janet T. Neff
                                                   JANET T. NEFF
                                                   United States District Judge